# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELGRET LORENZO BURDEX, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-21-632-D |
| DAVID PRATER, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## **O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Gary Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Purcell recommends the dismissal of this prisoner civil rights action without prejudice based on Plaintiff's failure to pay the filing fee, to file a proper request to proceed *in forma pauperis* (IFP), and to comply with prior orders.

Plaintiff, a state prisoner who appears *pro se*, has filed a timely Objection [Doc. No. 14] and a "Motion to Prosecute" [Doc. No. 13], which are liberally construed.[1] The Court must make a *de novo* determination of any portion of the Report to which a specific written objection is made, and may accept, reject, or modify the recommended decision, or may return the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[1] The Court must liberally construe a *pro se* litigant's filings but cannot act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Although difficult to decipher, the Court understands that Plaintiff objects to being assessed the filing fee for a civil rights action because he "seek[s] only habeas corpus relief" and his "Complaint was misconstrued." *See* Obj. at 1. His separate Motion includes allegations of wrongful arrest and prosecution, and accuses District Attorney David Prater of "prosecutorial misconduct and discrimination." *See* Mot. at 1, 2.

Upon *de novo* review of the issues raised by Plaintiff's filings, the Court fully concurs in Judge Purcell's findings and recommendation for dismissal. The Complaint plainly asserts civil rights claims under 42 U.S.C. § 1983 based on Plaintiff's conditions of confinement in the Oklahoma County Detention Center. Plaintiff used the "Pro Se Prisoner Civil Rights Complaint" form, marked that jurisdiction is asserted under 42 U.S.C. § 1983, and listed claims of being denied access to the law library, deliberate indifference to First Amendment rights, and "discrimination against poor people of color." *See* Compl. [Doc. No. 1] at 5, 6. Although Plaintiff also includes allegations regarding his arrest and requests "habeas corpus relief," he seeks money damages of "100 sextillion dollars" under § 1983. *Id*. at 6, 7.

Plaintiff does not challenge the findings that he has failed to pay the filing fee for this action, to submit a proper IFP application, or to adequately respond to multiple orders directing him to cure these deficiencies. In fact, Judge Purcell correctly notes that Plaintiff has a history of filing lawsuits but failing to pay the filing fee, to submit proper documentation for IFP status, or failing to pay an initial partial filing fee when one is assessed. *See* R&R at 3 (listing dispositions of prior cases). Also, Plaintiff has previously been informed that he cannot combine civil rights and habeas claims in a single

pleading or case. *Id.* at 2 (citing orders in prior cases). Accordingly, the Court finds that Plaintiff is well aware of the consequences of failing to comply with the applicable rules and court orders. Judge Purcell is correct that Fed. R. Civ. P. 41(b) authorizes a dismissal without prejudice under these circumstances. *See* R&R at 4-5.

In his Objection, Plaintiff requests that he be provided another complaint form and IFP motion. *See* Obj. at 1. From this, the Court understands that Plaintiff wishes to proceed with his habeas claims in a new pleading and, in essence, to commence a different case. Under these circumstances, the Court finds that the proper means to accomplish Plaintiff's goal is to dismiss this case without prejudice to the filing of a habeas case.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 12] is ADOPTED. This action is DISMISSED without prejudice to a future filing. A separate judgment of dismissal shall be entered.

IT IS FURTHER ORDERED that the Clerk shall mail to Plaintiff with this Order a form Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254.

IT IS SO ORDERED this 13th day of August, 2021.

TIMOTHY D. DeGIUSTI
Chief United States District Judge